## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| WESTPORT INSURANCE CORPORATION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION |
| v. | ) ) | FILE NO. 1:12-CV-03998 |
| LITTLE AND SMITH, INC., AMBAR TORRES, individually and in her capacity as assignee of ATLANTIC TOWER SERVICES, | ) ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT LITTLE AND SMITH, INC.'S RESPONSE TO WESTPORT INSURANCE CORPORATION'S MOTION TO STRIKE

COMES NOW, Defendant, LITTLE AND SMITH, INC. ("Little and Smith"), and files this Response to Westport Insurance Corporation's Motion to Strike pursuant to Rule 37 of the Federal Rules of Civil Procedure.

## FACTS

Little and Smith does not dispute the fact that Westport served it with Interrogatories and Requests for Production of Documents as alleged in its Motion to Strike. Further, Little and Smith does not dispute that it did not produce the executed affidavit of A.D. Little, which was filed as an exhibit to its Motion for

Summary Judgment.  Significantly, Little and Smith <u>does</u> dispute that it failed to object to the disclosure of the affidavit on the grounds of attorney/client privilege or the work product doctrine and thereby allegedly waived such argument, as asserted by Westport.  In fact, Little and Smith raised the attorney/client privilege in response to Plaintiff's First Request for Production of Documents, requests 2 and 5, which Westport contends were the requests to which the affidavit was responsive.  (Declaration of Walker, Exhibit D).

Little and Smith also disputes the legal assertions contained in Westport's argument.  Little and Smith contends that the executed Affidavit of A.D. Little was protected by the attorney/client privilege and/or work product doctrine until such time as it was served and filed as part of its Motion for Summary Judgment.  For that reason, Little and Smith contends that Westport's Motion to Strike should be denied.

## ARGUMENT AND CITATION OF AUTHORITY

Federal Rule of Civil Procedure (F.R.C.P.) 26(b)(3)(D) codifies the attorney work product doctrine.  That statute provides "a party may not discover documents and tangible things that are prepared in anticipation of litigation and for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)."  Id.  A Court may *only* order

production of work product falling within Rule 26(b)(3) upon a showing of substantial need and undue hardship. Castle v. Sangamo Weston, Inc., 744 F.2d 1464, 1467 (11th Cir.1984).  Factual work product is protected and is not subject to disclosure absent a showing of substantial need and undue hardship.  Lujan v. Cabana Management, Inc., 284 F.R.D. 50, 61 (E.D.N.Y. 2012). However, where the work-product involves the attorney's mental impressions, conclusions, opinions or legal theories, such a showing will not suffice, as this "opinion work-product" enjoys a nearly absolute immunity and can be discovered only in very rare and extraordinary circumstances. Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386, 1422 (11th Cir.1994).  Westport has made no such showing of substantial need or undue hardship, and the affidavit, at a minimum, constitutes factual work product that is not subject to disclosure.

The attorney-client privilege is a common law privilege that protects confidential communications between a lawyer and a client in securing legal advice. In re Federal Grand Jury Proceedings (FGJ 91–9), 975 F.2d 1488, 1492 (11th Cir.1992). Communications between an attorney and a client are protected from disclosure where: (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made is a member of a bar of a court, or his subordinate, and is acting as a lawyer in

connection with the communication; (3) the communication relates to a fact of which the attorney was informed by his client, without the presence of strangers, for the purpose of securing primarily an opinion on law, legal services, or assistance in some legal proceeding, and not for the purpose of committing a crime or tort; and (4) the privilege has been claimed and was not waived by the client. In re Federal Grand Jury Proceedings, 89–10(MIA), 938 F.2d 1578, 1581 (11th Cir.1991).

"Communications between attorney and client, except in circumstances not here pertinent, are excluded as a matter of public policy, both in criminal and civil matters." Campbell v. State, 149 Ga.App. 299(1979).  "[A]nd [the Georgia Court of Appeals] has held that the privilege applies to communications to the officers and employees of a corporate client as well as to individual clients." Associated Grocers Co-Op v. Trust Co., 158 Ga.App. 115, 116-117 (1981).  It therefore clear that once an attorney-client relationship has been duly established between an attorney and his corporate client that the legal advice confidentially communicated to the authorized agents of the client is by statute protected from discovery, and testimony concerning the content of such advice is inadmissible on grounds of public policy. S. Guar. Ins. Co. of Georgia v. Ash, 192 Ga. App. 24, 27 (1989); OCGA §§ 24-9-21; 24-9-24; 24-9-27(c).  The affidavit at issue in this case

- 4 -

encompasses facts communicated between A.D. Little, a representative of Little and Smith, and his attorney for the purposes of defending the subject action and obtaining legal advice, and which implicitly reflected on the Defense's theories of this case. (Declaration of Joseph C. Parker, par. 4).

Because the Affidavit of A.D. Little, an authorized agent of Little and Smith Inc., is protected under F.R.C.P. 26(b)(3) as work product and by the attorney/client privilege, the Defendant had no obligation or duty to disclose it pursuant to Westport's requests for production of documents or interrogatories. Consequently, the sanctions requested by Westport are inappropriate and not merited.

According to F.R.C.P. 37(c), a party is not allowed to use information or a witness that it has failed to disclose unless the failure was substantially justified or was harmless. It should be immediately noted that Little and Smith did not fail to disclose A.D. Little as a potential witness pursuant to its initial disclosures. A.D. Little was disclosed in attachment A to such disclosures. Moreover, the Defendants failure to disclose the affidavit itself was justified pursuant to F.R.C.P. 26 (b). Finally, the failure to disclose the affidavit to Westport was entirely harmless. Here, Westport had an opportunity to depose A.D. Little regarding all known facts contained in the affidavit. Specifically, paragraphs 1-6 and 8 of the

affidavit contain facts known to Westport, as reflected in its own Statement of Material Facts and Motion for Summary Judgment. (Westport's Statement of Material Facts, pars. 18-19; 23-27; 29-41). Additionally, A.D. Little was disclosed in the Defendant's initial disclosures. Finally, Westport had an opportunity to depose A.D. Little and asked him specifically about his understanding of the 2007 Letter. (Deposition of A.D. Little, p. 13-14; Affidavit of A.D. Little, pars 5, 8.).

Likewise, Westport had every opportunity to ask A.D. Little about his interpretation of whether the letter constituted a claim or potential claim, what action he believed the letter demanded, or whether a Professional negligence claim was being asserted. The Defendant had no obligation to provide information communicated directly between A.D. Little and defense counsel regarding his understanding of facts relevant to theories and arguments the Defendant made in its own Motion for Summary Judgment. All of the facts communicated in A.D. Little's affidavit were known to the Plaintiff and the Plaintiff had every opportunity to cross examine A.D. Little on those facts and how they relate to the legal aspects of this case. Therefore, Westport can demonstrate absolutely no harm from the non-disclosure of the affidavit.

For similar reasons, Westport has no right to re-depose A.D. Little and Little and Smith should not be ordered to pay Westport's expenses and attorney's fees to

do so.  First, as outlined above, Westport had every opportunity to cross examine

A.D. Little regarding any question relevant to the 2007 Letter, his understanding of

the same, or any other aspect of this case in his first deposition.  Little and Smith

did not interfere with Westport's ability to question A.D. Little on any issue.

Westport's failure to ask certain questions, does not entitle it to re-depose A.D.

Little at Little and Smith's expense.   Again, Westport's Statement of Material

Facts clearly demonstrates that the factual information contained in the affidavit

was already known to Westport. (Id., pars. 18-19; 23-27; 29-41).   Perhaps more

importantly, A.D. Little's affidavit was protected work product and/or is protected

by the attorney/client privilege from disclosure, thus, Westport was not entitled to

it prior to the deposition.  Therefore, there is no basis to order his re-deposition at

Little and Smith's expense.

The central issue before this Court is whether the executed affidavit of a

party, or in this case the legal representative of a party, constitutes protected work

product and/or is protected by the attorney/client privilege from disclosure.  Other

federal courts addressing this specific issue have found that such affidavits are in

fact protected work product.  Bell, et al. v. Lackawanna County, 892 F. Supp. 2d

647 (M.D. Penn. 2012); Lujan, 284 F.R.D. 50 (E.D.N.Y. 2012); and The Institute

for the Development of Earth Awareness v. People for the Ethical Treatment of Animals, 272 F.R.D. 124 (S.D.N.Y. 2011).

Lujan is instructive in the present case, and the District Court in Lujan, answering the same question, found that the executed affidavit of a party is work product and protected from disclosure until the time it is served and filed. Id. 284 F.R.D. 50, 61.

The Court in Lujan, addressed whether plaintiffs' declarations were protected work product up until the time of filing. Id. 284 F.R.D. at 60. In Lujan, the plaintiffs were employees of the defendants, who owned and operated three restaurants in the New York City area. The employees brought claims under the Fair Labor Standards Act and New York law. Id. at 58. Following the submission of the plaintiffs' Rule 23 motion to certify and defendants' motion to decertify, the defendants moved to strike the declarations submitted by the plaintiffs in connection with those motions alleging that the plaintiffs had failed to produce some of the declarations in response to defendants' request for documents and interrogatory requests. Id. The defendants argued that the declarations were directly responsive to their Requests for Production of Documents and Interrogatories, and thus, plaintiffs' "impermissibly ambushed" defendants by later filing the declarations without first disclosing them. Id. at 60. In response,

plaintiffs contended that the declarations were protected work product and that the defendants failed to show either a substantial need for the declarations or an inability to obtain the information through alternative means.  Id.  It should be noted that Westport has made no such showing in this case.

In assessing whether the declarations constituted work product, the court noted that there are two types of work product: factual work product and opinion work product, both of which are protected.  Id. at 61.  Factual work product encompasses factual material while opinion work product is comprised of an attorney's mental impressions, conclusions, opinions, or legal theories.  Because the plaintiffs' declarations in Lujan constituted factual work product, the court held that the defendants' argument that they should be struck was without merit.  Id.

Especially pertinent to this case, the Lujan Court found that where an affidavit or declaration has been drafted with the assistance of counsel and executed by the affiant for possible use in conjunction with a motion, federal courts have held that such affidavits qualify for work product protection up to and until the time the affidavit or declaration is publicly filed in connection with the motion.  Id. (citing Institute for the Development of Earth Awareness v. People for the Ethical Treatment of Animals, 272 F.R.D. 124, 125 (S.D.N.Y. 2011); and Stokes v. City of New York, 2006 W.L. 2064976 at *2 (E.D.N.Y. 2006) (non-party

affidavit is protected by work product doctrine until it is "filed in this action or otherwise publicly disclosed")).    Again citing <u>Earth Awareness</u>, the court explained that one reason for granting work product status to an executed affidavit prior to its public disclosure is that the attorney who caused the preparation of the affidavit may have a strategic reason for changing course and deciding not to file the document. <u>Id</u>. at 61.

Another important issue addressed by the Court was whether the plaintiffs had waived work product protection because the declarations were not included in a privilege log. <u>Id</u>. The court rejected this contention by the defendants. The court further focused primarily on the defendant's failure to articulate how they were prejudiced by the absence of a privilege log in that case. <u>Id</u>. Again, as in <u>Lujan</u>, Westport had no right to A.D. Little's Affidavit until such time as it was served and filed along with the Defendant's Motion for Summary Judgment. <u>Id</u>. Up until that point, the Affidavit was protected work product not subject to disclosure. <u>Id</u>. Accordingly, Westport was not prejudiced by the absence of a privilege log.

Likewise, the court in <u>Earth Awareness</u> addressed the issue of whether certain affidavits were protected work product. <u>Id</u>., 272 F.R.D. 124, 125. In <u>Earth Awareness</u>, the plaintiff and defendant engaged in contentious discovery disputes

from the onset of litigation. Id. The plaintiff in Earth Awareness asserted that it was entitled to the production of drafts of two affidavits and other materials exchanged between counsel and two non-party affiants. Importantly, although the affidavits were not produced in discovery, the existence of the affiants themselves was disclosed pursuant to Rule 26(a)(1). Id. The District Court was faced with the determination as to whether the affidavit drafts were subject to the work product doctrine within Rule 26(b)(3). Id.

In analyzing this question, the Court first stated as follows: "An affidavit for use on a summary judgment motion is required to contain facts that would be admissible at trial. Rule 56(e), Fed. R. Civ. P. Undisputedly, these affidavits were drafted for possible use on a summary judgment motion. Here, the executed affidavits of non-party witnesses remained work product until the lawyer elected to serve and file them. Until the moment of service and filing, the lawyer reserves the right to reverse course and refrain from using the affidavits." Id. The Court went on to add that the lawyer's drafts which had not been adopted or executed by the non-party witnesses do not lose their character as work product because a final executed version had been affirmatively used in the litigation and declined to acquire their production. However, a central point as it relates to this case is that the Earth Awareness Court specifically held that the executed affidavits of non-

party affiants, rather than the draft unexecuted affidavits, were work product until the lawyer elected to serve and file them.  Id.

The executed affidavit of a party to the litigation is protected work product. Bell, 892 F. Supp. 2d 647 (M.D. Pa. 2012).  In Bell, the District Court again was tasked with determining whether certain declarations made by discharged county employee plaintiffs, who brought a Section 1983 suit against the defendant county and county commissioners, as part of their brief in opposition to the county's motion for summary judgment, should be stricken because of the failure of the plaintiffs to provide these declarations pursuant to the defendants' interrogatory requests and request for production of documents. 892 F. Supp. 2d 647 (M.D. Pa. 2012).  Bell is again instructive in this case on this particular issue.

The District Court initially found that the circumstances under which a declaration, either in draft or in final form, was deemed undiscoverable attorney work product was not altogether clear.  The Court noted that some cases had held that signed declarations were work product and hence privileged until the moment that they were filed with the court, while other cases concluded that any work product protection that an affidavit or declaration had disappeared once the affiant or declarant signed the document.  Id. at 660.  The Court went on to point out that most, if not all, of the cases regarding this issue relate to affidavits or declarations

that came from third party witnesses, not parties to the litigation itself.  The Court in <u>Bell</u> reasoned that if executed affidavits of third party witnesses were considered work product and not subject to disclosure, the argument was even more compelling where, as here, the affidavit was that of a party, finding the distinction particularly relevant, and concluded that the declarations of the plaintiffs, who were actual parties to the litigation, were not required to be disclosed prior to filing.  <u>Id</u>.  The declarations in that case were generated by attorneys and signed by parties to the litigation, thus bringing them within the ambit of Rule 26(b)(3)(A), which protects documents "prepared in anticipation of litigation or for trial by or for another party."  <u>Id</u>. at 661.

This distinction is likewise particularly relevant in the case at hand.  Here, A.D. Little is Vice President, Chairman of the Board of Directors, and founder of Little and Smith.  (Affidavit of A.D. Little, par. 2).  A.D. Little is responsible for participating in the defense of this case and communicating with defense counsel on behalf of Little and Smith.  (Declaration of Joseph C. Parker, par. 2).  His Affidavit was generated by and in conjunction with the attorneys representing Little and Smith, and constitutes an affidavit of a party. (Id., par. 3); <u>S. Guar. Ins. Co. of Georgia v. Ash</u>, 192 Ga. App. 24, 27.  As in <u>Bell</u> and <u>Lujan</u>, A.D. Little's executed Affidavit is protected factual work product under Rule 26(b)(3)(A) and

under the attorney/client privilege, and the Defendant had no duty to disclose the Affidavit prior to its filing. Lujan, 284 F.R.D. at 60; Bell, 892 F. Supp. 2d 647. Until the moment of service and filing, the lawyer reserves the right to reverse course and refrain from ever using the affidavits. Earth Awareness, 272 F.R.D. 124, 125.

The one case that the Plaintiff cites in support of its contention that an affidavit not previously disclosed, should be excluded, does not address the issue of whether the affidavit was work product.  Pete's Towing Company v. City of Tampa, Florida, 376 Fed. Appx. 917, 920 (11th Cir. 2010).   In examining the specific facts of that case, it is easily distinguishable from the case at hand in that the plaintiffs' offered no justification for failing to disclose the affidavit at issue. In that case, Pete's Towing Company sued the Tampa Police Department for harassment of its employees under Section 1983. Id. at 919. The defendants filed a motion for summary judgment, and in response, the plaintiffs filed affidavits along with its responsive brief.  The plaintiffs filed the affidavits of Ian McGeehan, the company's part owner, and Alexis Torres, an employee of one of the other towing companies owned and operated by the owners of Pete's. Id. Notably, prior to submitting the affidavit of Torres, Torres was never disclosed as a potential witness pursuant to F.R.C.P. 26(a).  Additionally, McGeehan's affidavit included

- 14 -

allegations that had not been previously disclosed to defendants in response to discovery requests. Bootstrapping onto the affidavits, the plaintiffs filed a motion to supplement or amend the complaint with the information contained in the affidavits of Torres and McGeehan. Id. The court denied the motion for undue delay and resulting prejudice to the defendants. Id.

The court also struck Torres' affidavit in its entirety and portions of McGeehan's affidavit that contradicted his deposition testimony and portions of his affidavit that had not been previously disclosed. Id. The court ruled that because Torres was never disclosed as a potential witness in the plaintiffs' initial disclosures, plaintiffs could not rely on evidence supplied by him later in the litigation pursuant to F.R.C.P 37. Furthermore, the court found that the defendants would have been prejudiced by the additional information McGeehan submitted after it had filed its motion for summary judgment. Id. at 920. Importantly, the court noted that "Pete's offered the court no justification for its delay in disclosing the information." Id. In fact, the plaintiff in that case never raised the work product doctrine or attorney/client privilege as a defense to its non-disclosure. The court never evaluated that position and never made any determination as to the validity of such a defense. Also of note, one of the affidavits was excluded solely because the affiant, rather than the affidavit, was never disclosed in the initial

disclosures.  Here, A.D. Little was disclosed initially.  In addition, the portions of McGeehan's affidavit that were excluded attempted to introduce new factual issues in the case not present in the plaintiff's original complaint.  The court found that this would unduly prejudice the defendants.  Id. at 920.  A.D. Little's affidavit did not alter the facts of this case, and in fact, the Defendant and Plaintiff agree on almost every factual issue in this case.  The dispute in this case relates to how the law applies to these facts.

Moreover, any argument by Westport that Little and Smith waived the attorney client or work product privilege is without support in law or fact.  In Lujan, the court held that a failure to include an affidavit in a privilege log was irrelevant and had no effect on the privilege or discoverability of a protected document. 284 F.R.D. 50, 60.  Likewise, Westport's assertion that Little and Smith failed to raise the privilege in response to its Request to Produce is factually incorrect.  Specifically, in its letter to Little and Smith, Westport alleges that the affidavit was responsive to request 2 and request 5.  (Walker Declaration, Exhibit D).  A review of Little and Smith's Responses quickly reveals that Little and Smith did in fact raise "attorney/client privilege and/or work product doctrine," defenses and objections in Response to paragraph 2.  (Walker Declaration Exhibit B).  In addition, Little and Smith's response to paragraph 5 that the documents requested

thereby were being "produced pursuant to the above responses" necessarily incorporated the prior objections based on the attorney/client privilege and work product doctrine. (Id.).

Even in the event that such objections had not been raised, courts have recognized that waiver of the attorney-client privilege is an extreme sanction and that it therefore should be reserved only for cases of unjustifiable delay, inexcusable conduct, or bad faith in responding to discovery requests. In re RDM Sports Group, Inc., 277 B.R. 415, 424–25 (Bkrtcy.N.D.Ga.2002); Ritacca v. Abbott Labs., 203 F.R.D. 332, 335 (N.D.Ill.2001); Scaturro v. Warren and Sweat Manuf. Co., 160 F.R.D. 44, 46 (M.D.Pa.1995). Thus, minor procedural violations, good faith attempts at compliance, and other mitigating circumstances will militate against finding waiver.  Likewise, the attorney/client privilege belongs to both the client and the attorney, either one of whom may assert it; thus, a waiver of the privilege by the client or attorney does not deprive the other of his own privilege, and vice versa. See In re Grand Jury Proceedings, 43 F.3d 966, 972 (5th Cir.1994); In re John Doe, 662 F.2d 1073, 1079 (4th Cir.1981).  Accordingly, a failure to raise the attorney/client or work product objections, which the Defendant contends were raised, should not be fatal to its argument.

In this case, A.D. Little's Affidavit constitutes protected work product and privileged attorney/client communications and was not subject to disclosure. A.D. Little's affidavit contained protected communications with his attorney regarding facts, which related to arguments being made in the Defendant's Motion for Summary Judgment. Unlike Pete's Towing, Defendant has offered the Court a substantial legal justification for its failure to disclose the information in response to Westport's discovery requests. That legal justification is F.R.C.P. 26(3)(A), a well-known and established basis to withhold privileged information. Significantly, Westport has never made any showing that it has a substantial need for the materials and cannot without undue hardship obtain their substantial equivalent. The cases cited by the Defendant are legally and factually similar to this case, and directly address whether an executed affidavit is protected work product, and hold that such affidavits are in fact protected and not subject to disclosure. For that reason, Westport's Motion to Strike should be denied.

## CONCLUSION

The Affidavit of A.D. Little is protected work product and not subject to disclosure. As the Vice President, Chairman of the Board, and corporate representative of Little and Smith, Inc., A.D. Little's Affidavit constitutes the executed affidavit of a party to the lawsuit. As such, his affidavit is protected as

work product until served and filed with the court.   Accordingly, the Plaintiff's Motion to Strike is without merit and should be denied.

In addition, the Court should not order the re-deposition of A.D. Little and Little and Smith should not be ordered to pay the costs associated with re-deposing A.D. Little concerning his affidavit.   Westport has already deposed A.D. Little and had unfettered access to cross examine him on any issue relevant to this case. More importantly, there is no basis to order the re-deposition because Westport had no right to the affidavit prior to it being filed and served because it was protected work product and/or protected by the attorney/client privilege.

WHEREFORE, Defendant, Little and Smith, Inc., respectfully requests this Court **DENY** Westport's Motion to Strike the Affidavit of A.D. Little and **DENY** Westport's request that Little and Smith pay the attorney's fees and expenses incurred in re-deposing A.D. Little concerning his affidavit.

(Signature on following page)

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By:   /s/ Joseph C. Parker
          **JOSEPH C. PARKER**
          Georgia State Bar No. 562700
          **CALVIN P. YAEGER**
          Georgia State Bar No.
          Attorneys for Defendant Little
          and Smith, Inc.

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060
Telephone 770-422-3233
parker@downeycleveland.com

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorneys of record:

Stefan C. Passantino, Esq.
spassantino@mckennalong.com
McKenna Long & Aldridge LLP
303 Peachtree Street, NE
Suite 5300
Atlanta, GA 30308

Robert P. Conlon, Esq.
rconlon@wwmlawyers.com
Douglas W. Walker, Esq.
dougwalker@wwmlawyers.com
Walker Wilcox Matousek LLP
One North Franklin Street
Suite 3200
Chicago, IL 60606

Lee D. Gunn, IV, Esq.
lgunn@gunnlawgroup.com
Scott A. Arthur, Esq.
sarthur@gunnlawgroup.com
Gunn Law Group, P.A.
400 N. Ashley Drive
Suite 2050
Tampa, FL 33602

James J. Leonard, Esq.
Jim.leonard@btlaw.com
Barnes and Thornburg, LLP
Suite 1700
Prominence in Buckhead
3475 Piedmont Rd., NE
Atlanta, GA 30305

This 11th day of September, 2013.

**DOWNEY & CLEVELAND, LLP**

By:   /s/ Joseph C. Parker
　　　　**JOSEPH C. PARKER**
　　　　Georgia State Bar No. 562700
　　　　**CALVIN P. YAEGER**
　　　　Georgia State Bar No. 797952
　　　　Attorneys for Defendant Little
　　　　and Smith, Inc.
　　　　Downey & Cleveland, LLP
　　　　288 Washington Avenue
　　　　Marietta, GA 30060
　　　　Telephone 770-422-3233
　　　　parker@downeycleveland.com

## Certification Under L.R. 7.1D

Pursuant to Northern District of Georgia Local Rule 7.1D, the undersigned counsel for Defendant hereby certifies that the above and foregoing pleading is a computer document prepared in Times New Roman (14 point) font and in accordance with Local Rule 5.1B.

So certified this 11th day of September, 2013.

**DOWNEY & CLEVELAND, LLP**

By:   /s/ Joseph C. Parker
      **JOSEPH C. PARKER**
      Georgia State Bar No. 562700
      **CALVIN P. YAEGER**
      Georgia State Bar No. 797952
      Attorneys for Defendant Little
      and Smith, Inc.
      Downey & Cleveland, LLP
      288 Washington Avenue
      Marietta, GA 30060
      Telephone 770-422-3233
      parker@downeycleveland.com